UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-158 (SRN/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) **GOVERNMENT'S** |
| | ) **CONSOLIDATED** |
| v. | ) **RESPONSE TO** |
| | ) **DEFENDANT'S PRETRIAL** |
| TRAIGH SEAN TILLMAN, | ) **MOTIONS** |
| | ) |
| | ) |

The United States of America, by and through its undersigned attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Esther Soria Mignanelli and Joseph S. Teirab, Assistant United States Attorneys, respectfully submits its consolidated response to the pending pretrial motions of the defendant, Traigh Sean Tillman.

## BACKGROUND

On August 7, 2022, Tillman pulled a victim out of a car, exchanged shots with his victim, who was then shot at others in a nearby parking lot and killed as a result of the fire opened up on him immediately following the altercation with Tillman—the other shooters are suspected to be members of the Bloods street gang, and the defendant is alleged in this case to be their affiliate or associate.

More specifically, MPD officers responded to a shots fired call in and around George Floyd Square, at approximately 3:24 a.m. Officers found a

gunshot victim ("Tillman's Victim") lying on the southside of 38th Street just west of Chicago Avenue, in between the abandoned Speedway parking lot and the church across the street. *See* March 8, 2023 Application and Affidavit in Support of Facebook Search Warrant, 23-mj-188, at ¶ 32, a condensed and redacted version of which is attached as "Government's Exhibit 1," (hereafter "Gov. Ex. 1"). Officers called for Emergency Medical Services ("EMS"), and after EMS arrived at the scene, Tillman's Victim was pronounced dead. *Id.* at ¶ 33. Officers then collected evidence from the scene, including surveillance footage from the church and discharged cartridge cases ("DCCs"). *Id.* In total, more than 20 DCCs were collected by officers from the scene, including in and around the area of the abandoned Speedway parking lot. *Id.* Based on law enforcement's review of surveillance footage from the scene of the murder, Tillman's Victim arrived in his vehicle around 3:20 a.m. on August 7, 2023, and parked next to the abandoned Speedway on the northside of 38th Street. *Id.* at ¶ 34. Shortly after Tillman's Victim arrived, Tillman approached the driver's side of the Victim's vehicle while holding something in his right hand. *Id.* at ¶ 35. Tillman then opens the driver's side door and appears to try to pull the Victim out of the vehicle. *Id.* Tillman appears to be engaged in a scuffle with his Victim when a co-conspirator ("J.S.") walked up to assist Tillman in his scuffle with his Victim. *Id.* Together, they removed the Victim from Victim's vehicle. *Id.* Soon after, shots appear to be fired between Tillman and/or his

2

Victim. *Id.* at ¶ 36. Then, Tillman appears to shoot himself in the leg; after this point, Tillman limps away and enters a vehicle. *Id.* Then, a number of other firearms are fired from the abandoned Speedway toward Tillman's Victim, who was stumbling in the middle of 38th Street. *Id.* Tillman's Victim then collapses. *Id.*

As a result, in this case, Tillman is charged with one count of felon in possession of ammunition. (ECF No. 1.) Since Mr. Tillman's federal arrest, the Government has tendered discovery. In its production, the Government has disclosed materials exceeding that required by Rule 16. The Government has also made available for inspection physical evidence acquired during the investigation of this case.

## RESPONSE TO NON-DISPOSITIVE MOTIONS

1. **Government's Response to "Defendant's Motion for Compliance with Criminal Rule of Procedure 16" (ECF No. 37).**

Tillman moves the Court for an order compelling the United States to continue to make disclosures required by Rule 16. The Government has made its Rule 16 disclosures and will continue to supplement its disclosures as additional Rule 16 materials, if any, come into its possession. The Government does not oppose this motion to the extent that it requires the Government to continue to comply with its Rule 16 obligations but opposes the motion to the extent that it seeks to impose discovery obligations upon the Government that

3

exceed those imposed by Rule 16. For example, the Government has already provided the autopsy records that support its intent to seek application of the homicide related cross-reference or enhancement at sentence, despite the fact that such disclosures are not required by Rule 16. The Government has therefore been acting in good faith by provided disclosures beyond that mandated by Rule 16 already. Any further order is both unnecessary and would be without legal support.

### 2. Government's Response to "Defendant's Motion to Disclose Identity of Informants" (ECF No. 38).

Tillman has moved for an order requiring the United States to disclose the identity of any informants, and to make them available for interview. The motion should be denied in its entirety.

The United States Supreme Court has long recognized the Government's privilege to withhold the identity of a confidential informant. *See United States v. Roviaro*, 353 U.S. 53, 59 (1957); *McCray v. Illinois*, 386 U.S. 300, 310 (1967). "In determining whether disclosure is required, the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001). But to overcome the informant privilege, a defendant must provide "more than speculation that the evidence an informant may provide will be material." *Id.* (quoting *United States v. Grisham,* 748 F.2d 460, 463-64 (8th Cir. 1984)). Instead, the defendant "bears the burden of demonstrating that

disclosure is material to the outcome of his case; in other words, that disclosure is vital to ensure a fair trial." *United States v. Gonzalez-Rodriguez*, 239 F.3d 948, 951 (8th Cir. 2001). "A trial court abuses its discretion if it orders disclosure absent a showing of materiality." *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991).

Here, the defendant's motion fails to specify which informants he seeks disclosure of so should be denied outright for lack of specificity. The informants or "confidential sources" most likely alluded to by Tillman's motion are assisting in the ongoing Bloods-related investigation (the warrant related to which is attached hereto and discussed in another motion below). Such sources merely provided information to the investigating officers regarding the defendant's alleged associated with the gang under investigation or corroborated certain aspects of the information used to establish probable cause for the search warrant. Although the current list of witnesses to be called at trial is not currently known, the Government does not anticipate calling cooperating sources as witnessed at trial to prove its case. As such, the Government expects such sources are likely to be more akin to a "mere 'tipster,' i.e., a person who merely conveys information but does not witness or participate in the offense." *Carpenter*, 257 F.3d at 779. "It is well established that in 'tipster' cases, where the informant is not a necessary witness to the facts, disclosure of the informant is not required." *United States v. Crenshaw*,

5

359 F.3d 977, 1005 (8th Cir. 2004) (quoting *United States v. Moore*, 129 F.3d 989, 992 (8th Cir. 1997)); *United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (finding that informant not material where informant did not participate in crime charged and did not testify at trial, and that government was not obligated to disclose informant's identity where defendant merely speculated that informant "may have" exculpatory information); *Hollis*, 245 F.3d at 674 (affirming denial of disclosure of tipster-informant, whose observations formed basis for search warrant and who did not participate in offense charged).

Any other witnesses to the events described in the search warrant affidavit will be disclosed in accordance with this Court's scheduling orders and the Government will produce early Jencks materials for such witnesses one week before trial, or as soon as practicable if Jencks material is generated after that date.

## RESPONSE TO DISPOSITIVE MOTIONS

1. **Government's Response to "Defendant's Motion to Suppress" (ECF No. 39).**

Tillman moves the Court for an Order suppressing any evidence obtained as a result of a search and seizure of his Facebook account because the affidavit in support of that warrant alleged Tillman "shot and killed" a person at George Floyd square. ECF No. 39 at 2 (citing Gov. Ex. 1 at ¶ 20). Although this statement is arguable—the remaining description of the incident

6

giving rise to this case (which this statement attempted to summarize) is set forth more fully further on in the affidavit. *See* Gov. Ex. 1 at ¶¶ 32–41. The defense's selective reading of the affidavit does not give rise to any "material misrepresentation", nor any lawful basis for the suppression of any fruits of the search authorized by the associated warrant.

In addition, Tillman's motion should be denied for lack of specificity. Tillman has failed to assert an argument that the search was unconstitutional based on his disagreement with the agent's characterization in one summary paragraph of an event more fully addressed in ten other paragraphs of the affidavit. If this Court does not dismiss the motion for lack of specificity, the Court should deny the motion because the issuing magistrate "had a substantial basis for concluding that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 214 (1983). This is especially the case when the select paragraph cited in the defendant's motion is read in the context of the entire affidavit.

In any event, the Government submits a redacted version of the search warrant at issue to the Court for review and will rely upon the four-corners of the search warrant affidavit. Even if probable cause is found wonting in the affidavit, the *Leon* good-faith exception would apply.

**2. Government's Response to "Defendant's Motion to Dismiss" (ECF No. 40).**

Tillman asserts that Count 1 of the original Indictment is unconstitutional under the Second Amendment, as interpreted in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022)." The defendant, however, concedes and acknowledges that the Eighth Circuit, in *United States v. Jackson*, 69 F.4th 495, 501 (8th Cir. 2023), has already recently ruled that § 922(g)(1), prohibiting felons from possessing firearms and charged here as Count 1, is constitutional after *Bruen*."

Similarly, with regard to Tillman's separate argument (that the felon in possession of a firearm statute violates the Commerce Clause of the United States Constitution) he acknowledges that it is foreclosed by Eighth Circuit Precedent, including *United States v. Stuckey,* 255 F.3d 528 (8th Cir. 2001). He nonetheless appears to claim that *Jackson*'s holding is in doubt because it purportedly "relied heavily" on a Third Circuit panel decision that was reversed after en banc review. (Id.) *See Range v. Att'y Gen.*, 53 F.4th 262 (3d Cir. 2022), *vacated, reh'g en banc granted*, 56 F.4th 992 (3d Cir. 2023). However, the *Range* panel decision cited in *Jackson* had already been vacated because en banc rehearing had been granted. *See Jackson*, 69 F.4th at 502 (citing *Range*, 53 F.4th at 269). Because the Eighth Circuit was already aware that the Third Circuit's panel decision in *Range* had already been vacated, the

8

defendant's assertion that the Eighth Circuit "relied heavily" on a vacated opinion is a red herring.

Since Tillman effectively concedes applicable caselaw forecloses his basis for his request for dismissal, he has provided no basis for this Court's dismissal of the indictment. It is black letter law that a district court is "bound . . . to apply the precedent of this Circuit." *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003) (reversing district court for erroneously "declin[ing] to apply binding precedent of our Circuit and instead embrac[ing] the reasoning of [other] circuits, which have rejected our approach to interpreting § 921(a)(20)"). *Accord Calzone v. Summers*, 942 F.3d 415, 426 n.8 (8th Cir. 2019) (Grasz, J., concurring). Accordingly, this Court is bound to apply the governing law of the Eighth Circuit, and Tillman's constitutional challenges must be denied.

## CONCLUSION

The Government respectfully asks this Court to enter an Order consistent with the Government's responses.

Dated: August 15, 2023      ANDREW M. LUGER
United States Attorney

*/s/ Esther Soria Mignanelli*

BY: ESTHER SORIA MIGNANELLI
     JOSEPH S. TEIRAB
     Assistant U.S. Attorneys