UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-158 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Traigh Sean Tillman, | |
| Defendant. | |

Ben Tonkin, Department of Justice, 1301 New York Avenue, Northwest, Washington, DC 20005; and Esther Soria Mignanelli, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Thomas H. Shiah, Law Offices of Thomas H. Shiah, Ltd., 331 Second Avenue South, Suite 705, Minneapolis, MN 55401 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on several pretrial motions. Defendant Traigh Sean Tillman has filed a Motion for Compliance with Federal Rule of Criminal Procedure 16, ECF No. 37; a Motion to Disclose the Identity of All Informants Who Were Witnesses to Or Participants in the Crimes Charged in the Indictment, ECF No. 38; and a Motion to Compel Discovery, ECF No. 47. The Government also filed a Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 26.

A hearing was held on August 25, 2023. ECF No. 43. Assistant United States Attorney Ben Tonkin appeared on behalf of the Government. Attorney Thomas H. Shiah appeared on behalf of Defendant.

1

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion for Compliance with Federal Rule of Criminal Procedure 16, ECF No. 37, is **GRANTED IN PART and DENIED IN PART**.

"In most circumstances . . . a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government." *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000). Some of Defendant's requests are subject to disclosure under Federal Rule of Criminal Procedure Rule 16(a)(1)(A) through (G). *See, e.g.*, ECF No. 37 ¶¶ 1, 4-8. The Government states that it "has made its Rule 16 disclosures and will continue to supplement its disclosures as additional Rule 16 materials, if any, come into its possession." Gov't's Consol. Resp. at 3, ECF No. 42. Defendant's motion is granted in part to the extent his discovery requests seek responsive information subject to disclosure under Rule 16(a)(1)(A) through (G) of the Federal Rules of Criminal Procedure and that remains in the Government's control and has not yet been produced. *See infra* ¶ 4.

Defendant's discovery requests are denied in all other respects. *See Johnson*, 228 F.3d at 924. For example, paragraph three of Defendant's motion requests disclosure of statements made by Defendant's "codefendants and alleged co-conspirators." ECF No. 37 at ¶ 3. In support of this request, Defendant points to Rule 16(a)(1)(A). The language of Rule 16(a)(1)(A) only applies to statements made by *Defendant* and therefore the Government has no obligation under that Rule to provide the requested disclosure to Defendant. *See United States v. Mayberry*, 896 F.2d 1117, 1122 (8th Cir. 1990) (finding

2

that the language of Rule 16 as only applicable to statements made by the defendant).

2.  Defendant's Motion to Compel Discovery, ECF No. 47, is **DENIED**.

At the motions hearing, Defendant reemphasized his request for all medical examiner reports and an unredacted copy of the affidavit in support of the application for a search warrant. At the hearing, the Government represented that they would produce the requested materials including an unredacted copy of the affidavit. Following the hearing, Defendant filed this Motion to Compel Discovery, again requesting "any and all medical examiner reports relating to the death of the individual allegedly involved in the altercation with [Defendant]. The request included autopsy reports, photos, hierarchy of death report and all medical examiner's reports." ECF No. 47 at 1; *see also* ECF No. 37 at 3. The Court ordered the Government to respond to Defendant's Motion to Compel. *See* ECF No. 48. The Government's response to Defendant's motion confirms that the requested documents were provided to Defendant on September 21, 2023. ECF No. 49 at 2. Therefore, Defendant's Motion to Compel Discovery is denied as moot.

3.  Defendant's Motion to Disclose the Identity of All Informants Who Were Witnesses to Or Participants in the Crimes Charged in the Indictment, ECF No. 38, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests that the Government be ordered "to provide Defendant with the identities of all informants who were witnesses to or participants in the crimes charged in the indictment or crimes concerning which the prosecution intends to introduce evidence at trial and whose identity would be relevant and helpful to the defense or essential to a fair determination of this case." ECF No. 38 at 1. In support of his request, Defendant argues

3

that in preparation for trial "it is necessary for him to know the sources and identities of [the] various informants and sources." *Id.*

In response, the Government requests Defendant's motion to "be denied in its entirety" because "the Government does not anticipate calling cooperating sources as witnessed [sic] at trial to prove its case." Gov't's Consol. Resp. at 4-5. The Government also argues that disclosure is not required because "the Government expects such sources" to be more akin to tipsters. *Id.* at 5.

To determine whether disclosure of an informant's identity is required, "the threshold issue is whether the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001). "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201.206 (8th Cir. 1995). Therefore, Defendant's request is granted in part to the extent any informants were witnesses to the crime Defendant is charged with, or will be witnesses at Defendant's trial, or whose testimony will be material to the determination of the case. *See United States v. Bias*, No. CR 17-318 (SRN/FLN), 2018 WL 3336770, at *2 (D. Minn. July 6, 2018) ("Defendant's motion is granted to the extent that any informants were percipient witnesses to the crimes with which [defendant's] is charged, or will be witnesses at [defendant's] trial, or whose testimony will be material to the determination of the case against [defendant's]. The government is obliged to comply with this standard."). *See also United States v. Alcantar*, 271 F.3d 731, 739 (8th Cir. 2001) (government had no obligation to reveal informant's identity where informant did not participate in crime charged or testify at trial); *United States v. Hollis*, 245 F.3d 671, 676

4

(8th Cir. 2001) (finding no obligation for the government to reveal the informant's identity when the informant did not participate in the offense charged and the government did not intend to call the informant as a witness at trial).

"In *Roviaro v. United States*, the Supreme Court recognized the government's privilege to withhold the identity of a confidential informant." *Alcantar*, 271 F.3d at 739 (citing 353 U.S. 53, 59 (1957)). "In cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *accord United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense." (quotations omitted)). "[T]he identity of a 'tipster' whose observations formed the basis for a search warrant but who is not a necessary witness to the facts is not subject to compulsion." *Hollis*, 245 F.3d at 674. Defendant bears the burden of showing beyond mere speculation that the disclosure of an informant would be material and helpful to his case. *United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006); *Alcantar*, 271 F.3d at 739. "If a trial court orders disclosure absent a showing of materiality, it abuses its discretion." *Bias*, 2018 WL 3336770, at *2.

Here, Defendant has not shown that there are other informants that would be material to the determination of his case. *See Alcantar*, 271 F.3d at 739 ("A defendant must demonstrate the need for disclosure by establishing that the informant's identity is 'relevant

5

and helpful to the defense of an accused, or is essential to a fair determination of a cause.'" (quoting *Roviaro*, 353 U.S. at 60-61)); *see also United States v. Grisham*, 748 F.2d 460, 463-64 (8th Cir. 1984) (a defendant has the burden of showing materiality, which "requires more than speculation that the evidence an informant may provide will be material to overcome the government's privilege to withhold the identity of the informant."). Accordingly, Defendant has not met his burden to demonstrate the need for the disclosure of other informants beyond mere speculation and therefore his motion is denied in part.

4. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 26, is **GRANTED**.

The Court's Arraignment Order ordered the parties to disclose the identity of any expert witness and make all expert disclosures no later than 28 days before trial and make all rebuttal expert disclosures no later than 14 days before trial. Arraignment Order, ECF No. 22 at 2. The Government's motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. *See generally* ECF No. 26. The Government seeks to establish deadlines for the parties to disclose any testimony the other intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C). The Government's motion proposes that principal experts be disclosed 30 days before trial and rebuttal experts be disclosed 10 days prior to trial. ECF No. 26 at 2. At the motions hearing, Defendant requested principal experts to be disclosed 30 days before trial and rebuttal experts to be disclosed 10 days before trial. In

response to Defendant's request at the hearing, the Government requested less: principal experts 28 days before trial and rebuttal experts 14 days before trial.

The Court grants the Government's motion. Consistent with the Government's proposal in their motion and Defendant's request at the hearing, no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C). In addition, Defendant's request for any expert reports to be disclosed 30 days before trial is granted. ECF No. 37 at ¶¶ 7,8. *See supra* ¶ 1.

5. All prior consistent orders remain in full force and effect.

6. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: October 27, 2023                *s/ Tony N. Leung*
                                      Tony N. Leung
                                      United States Magistrate Judge
                                      District of Minnesota


                                      *United States v. Tillman*
                                      Case No. 23-cr-158 (SRN/TNL)