UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Traigh Sean Tillman,<br><br>Defendant. | Case No. 23-cr-158 (SRN/TNL)<br><br><br><br>**ORDER** |

Ben Tonkin, United States Department of Justice Criminal Division, 1301 New York Avenue Northwest, Washington, D.C. 20005; and Esther Soria Mignanelli, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the Plaintiff.

Thomas H. Shiah, Law Offices of Thomas H. Shiah, Ltd., 331 Second Avenue South, Suite 705, Minneapolis, MN 55401, for the Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Traigh Sean Tillman's Objection ("Objection") [Doc. No. 55] to Magistrate Judge Tony N. Leung's October 27, 2023 Report and Recommendation ("R&R") [Doc. No. 53]. In his R&R, Judge Leung recommends that the Court deny Mr. Tillman's Motion to Dismiss Count 1 of the Indictment ("Motion to Dismiss") [Doc. No. 40]. The Government filed a Response ("Response") [Doc. No. 56] opposing the Objection. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court respectfully overrules the Objection, adopts the R&R, and denies the Motion to Dismiss.

I.  **BACKGROUND**

Mr. Tillman is charged by Indictment with one count of Felon in Possession of Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) ("Indictment") [Doc. No. 1]. The Indictment alleges that Mr. Tillman was convicted of two crimes in 2013—First Degree Aggravated Robbery and Fifth Degree Drug Possession—each of which was punishable by a term of imprisonment exceeding one year. (Indictment at 2.) The Indictment further alleges that on August 7, 2022, knowing that he had been convicted of at least one crime punishable by a term of imprisonment exceeding one year, Mr. Tillman knowingly possessed, in and affecting interstate and foreign commerce, a 9mm round of ammunition. (*Id.*)

II. **DISCUSSION**

Mr. Tillman objects to the R&R's findings on Second Amendment grounds under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). He argues that Count 1 of the Indictment must be dismissed because it is based on an unconstitutional statute. In Mr. Tillman's view, the Supreme Court's holding in *Bruen* renders 18 U.S.C. § 922(g)(1) unconstitutional, both facially and as applied to him. The Court reviews the R&R de novo. *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003).

In *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023), a defendant with two prior felony convictions for drug sales was convicted by a jury of unlawful possession of a firearm in violation of § 922(g)(1). The defendant appealed the constitutionality of the verdict under § 922(g)(1) as applied to the facts of his case, in light of the Supreme Court's decision in *Bruen*. The Eighth Circuit, reviewing *Bruen*, held that the decision "did not

2

disturb . . . or cast doubt" on "longstanding prohibitions on the possession of firearms by felons." *Id.* at 501–02 (citing *Bruen*, 597 U.S.; and *District of Columbia v. Heller*, 554 U.S. 570 (2008)). The panel then concluded that § 922(g)(1) was constitutional as applied to the defendant "and other convicted felons", because the law "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 502 (quoting *Bruen*, 597 U.S. at 17).

Shortly after *Jackson*, the Eighth Circuit again reviewed a constitutional challenge to § 922(g)(1) by a twice-convicted felon charged with the unlawful possession of a firearm. *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023). The Eighth Circuit in *Cunningham*, citing *Jackson*, found that the defendant's challenge was foreclosed by its previous decision. The Eighth Circuit then held that § 922(g)(1) is facially constitutional, and that the district court below had properly denied the defendant's motion to dismiss.

Again, in December of this year, the Eighth Circuit reviewed a case where a defendant challenged the constitutionality of § 922(g)(1) under *Bruen*, both facially and as applied to him. *United States v. Doss*, No. 22-3662, 2023 WL 8299064 (8th Cir. Dec. 1, 2023). The Eighth Circuit, referencing *Jackson* and *Cunningham*, observed that "[a]lthough the law in this area is still in flux, we have already rejected this argument in two recent cases." *Id.* at *1. Noting that *Cunningham* held § 922(g)(1) to be facially constitutional and *Jackson* cut off as applied challenges to the statute, the Eighth Circuit found that the two cases together "spell the end for [the defendant's] constitutional challenge." *Id.* at *1.

3

This Court is bound by the decisions of the Eighth Circuit, in the absence of a controlling Supreme Court decision to the contrary. *See Calzone v. Summers*, 942 F.3d 415, 426 n.8 (8th Cir. 2019) (Stras, J. concurring). This Court has recently found "the constitutionality of § 922(g)(1) solidly confirmed in this Circuit" in the aftermath of *Bruen*, and the Eighth Circuit's most recent decision in *Doss* underscores that point. *See United States v. Andrews*, No. 18-cr-149, 2023 WL 4974766, at *13 (D. Minn. Aug. 3, 2023). That the Court is unable to afford the relief requested is not contested; indeed, Mr. Tillman "recognizes that the Court is bound by the contrary opinion in *United States v. Jackson*." (Objection at 3.) Nonetheless, "because the issue may ultimately be decided differently by the Supreme Court," Mr. Tillman "preserves his right to argue that the Second Amendment and *Bruen* make his prosecution unconstitutional." (*Id.*) Accordingly, while Mr. Tillman's argument is preserved, it is also foreclosed by the law that binds this Court.

### III.  ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

A. The Defendant's Objection [Doc. No. 55] is respectfully **OVERRULED**;

B. The Report and Recommendation [Doc. No. 53] is **ADOPTED**; and,

C. The Defendant's Motion to Dismiss Count 1 of the Indictment [Doc. No. 40] is respectfully **DENIED**.

Dated: December 27, 2023

*/s/ Susan Richard Nelson*
SUSAN RICHARD NELSON
United States District Judge