UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-158 (SRN/TNL)

United States of America,

          Plaintiff,

v.

**DEFENDANT TILLMAN'S MOTION IN LIMINE TO EXCLUDE EVIDENCE**

Traigh Sean Tillman,

          Defendant.

Defendant Traigh Sean Tillman, by and through his undersigned attorney, respectfully moves the Court in limine for the following relief:

1) **Prohibiting any party from eliciting testimony about defendant Traigh Sean Tillman's alleged affiliation with any street gang.**

In the background portion of the indictment, the government alleges that Mr. Tillman was a member and associated with a criminal organization, namely, the Minneapolis Blood Street Gang. Defendant denies this. Although Mr. Tillman does know various individuals who may be part of a street gang, he himself is not and has not been a member of any criminal organization including the Minneapolis Bloods. To date, the government has not proffered any admissible evidence that Mr. Tillman is a member of any street gang including the Bloods.

Any mention of Mr. Tillman's alleged association with members of the Bloods would be unfairly prejudicial under Fed R. Evid. 403. Gang membership or affiliation is not an element of the charged crime of felon in possession of ammunition. Accordingly, no evidence should be presented regarding any such allegations and should be excluded as neither probative nor

relevant and violative of Fed R. Evid. 403.

2) **Prohibiting the government from presenting evidence of the death of the individual referenced in the indictment.**

It appears the government may attempt to introduce evidence that the individual, whom they claim was involved in an altercation with Mr. Tillman, died at that same time and place. First and foremost, Mr. Tillman is not charged with a homicide nor is there sufficient evidence to establish that any alleged action of Mr. Tillman on the night in question was a direct and proximate cause of the victim's death. According to the government's version of the facts, Mr. Tillman allegedly fired at least one round of ammunition into his own leg. It was only after shots were fired during the initial scuffle with the victim that several other individuals used their own firearms to fire over twenty (20) rounds in the victim's direction. It was then and only then that the victim collapsed and was later pronounced dead at the scene by emergency medical services.

The victim's death was not the result of the alleged actions of Mr. Tillman. To allow such evidence would be extremely prejudicial and not probative of the charged illegal conduct Fed .R. Evid. 403. Accordingly, it is requested that the Court issue an order precluding the government from introducing evidence relating to the actual death of the alleged victim.

3) **Prohibiting the government from presenting social media posts as 404 (b) evidence.**

The government has produced in discovery 37,697 pages of social media allegedly from Mr. Tillman. It is counsel's understanding that the government intends to offer evidence of statements allegedly made on Facebook by Mr. Tillman related to his possible possession of firearms on dates other than the date charged in the indictment. Defendant objects to any such evidence on the grounds that it is not relevant nor probative of the issues for trial. Fed R. Evid. 403.

Dated: January 17, 2024        Respectfully submitted,

                                            **LAW OFFICES OF
THOMAS H. SHIAH, LTD.**

                                            By        **S/Thomas H. Shiah**
Thomas H. Shiah #100365
331 Second Ave South, Ste 705
Minneapolis, MN 55401
(612) 338-0066
Attorney for Defendant