UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CRIM. NO. 23-158 (SRN/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,    **DEFENDANT'S RESPONSE
                                              TO GOVERNMENT'S**
v.                                            **MOTIONS IN LIMINE**

TRAIGH SEAN TILLMAN,

        Defendant.

---

Defendant, by and through his attorney, respectfully offers the following response to the government's motions in limine (ECF Doc. 61). To the extent that the government's motions ask Mr. Tillman to follow the rules of evidence, Mr. Tillman does not object as long as the government promises to do the same. As to the government's more substantive motions:

**#2: Sequestration**

No objection to the government's request. Mr. Tillman asks that defense investigator Julie Davison be likewise exempted from sequestration.

**#4: Defendant's prior convictions as impeachment under Rule 609(a)(1)(B).**

Mr. Tillman objects to the government's motion and asks that it be denied.

As part of this case, Mr. Tillman will be offering an *Old Chief* stipulation informing the jury that he is a felon. The Eighth Circuit has held that felony convictions are relevant to credibility "because of the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." *United States v. Chauncey*, 420 F.3d 864, 874 (8th Cir. 2005).

What is relevant to credibility is the fact of a felony conviction, not the specific type of felony. And here, whether Mr. Tillman testifies or not, the jury will already be made extremely aware that Mr. Tillman is a felon—indeed, they will be reminded of his felon status again and again and again, every time they hear or read the current charge against him. To the extent that a prior conviction not involving dishonesty has probative value, that probative value will already be maxed out. To permit the government leeway to delve further would be cumulative and unduly prejudicial. The aggravated robbery conviction, in particular, is unduly prejudicial, and would not be permitted anyway under the rule, which requires "the probative value of the evidence" to "outweigh[] its prejudicial effect to that defendant[.]" Rule 609(a)(1)(B).

"Although propensity evidence is relevant, the risk that a jury will convict for crimes other than those charged — or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment — creates a prejudicial effect that outweighs ordinary relevance." *United States* v. *Moccia*, 681 F.2d 61, 63 (1st Cir. 1982) (cleaned up) (quoted in *Old Chief v. United States*, 519 U.S. 172, 181 (1997) in explaining why propensity evidence causes "unfair prejudice" under Rule 403).

Mr. Tillman asks the Court to deny the government's motion and rule that the *Old Chief* stipulation and the current charge are sufficient to serve the purposes of Rule 609 in informing the jury of Mr. Tillman's status as a felon.

**#7: Intrinsic or 404(b) Evidence-Facebook Data**

The government asks to introduce evidence regarding Mr. Tillman's Facebook posts, and Mr. Tillman asks that the motion be denied.

Defendant previously moved to exclude Facebook evidence (ECF Doc. 64) Since that time, the government has made additional disclosures including selected photographs and posts

2

extracted from the over 33,000 pages of Facebook data that had been produced. They have cherry-picked selected photographs and posts without any attempt to put them in context, nor are they able to do so. Accordingly, defendant renews his motion to exclude any and all Facebook data.

The government's argument that the Facebook evidence is "intrinsic to the charged offense" is two sentences without an explanation. "Intrinsic evidence includes both evidence that is inextricably intertwined with the crime charged as well as evidence that merely completes the story or provides context to the charged crime." *United States v. Young*, 753 F.3d 757, 770 (8th Cir. 2014) (cleaned up). The Facebook posts are neither inextricably intertwined nor necessary to establish context, but they do carry the risk of significant prejudice and should not be admitted under Rule 403.

Evidence offered under Rule 404(b) must be: "(1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; (3) supported by sufficient evidence; and (4) higher in probative value than in prejudicial effect." *United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005). Mr. Tillman objects on all grounds. The evidence is not relevant to a material issue, it is not sufficiently similar in kind and is overly remote in time, and it is far more prejudicial than it is probative.

"[M]erely reciting those permissible purposes [listed in Rule 404(b)] without more is not sufficient to render evidence of a prior conviction admissible in any particular case." *United States v. Cotton*, 823 F.3d 430, 434 (8th Cir. 2016). The government is required to "identify the permissible non-propensity purpose for the evidence" and "articulate the relationship between the prior conviction and a material issue in the case." *Id*.

Here, the government cannot make that showing. The most glaring issue with the excerpts the government seeks to use is their age. As the government admits, the time frame for their proposed

3

excerpts is 2020–2021, making them a year or more old at the time of the alleged offense. And because these excerpts are so old, their relevance to any conceivable material issue is significantly reduced.

For all the government's arguments, what they really want this evidence for is to show Mr. Tillman's propensity to carry firearms, that he must have possessed ammunition in August 2022 because he was, for example, talking about possessing a firearm in August 2020. (*See* ECF Doc. 62 at 19–20.) Even as propensity evidence, this is weak, and it's frankly difficult to even understand how this evidence would support the non-prohibited Rule 404(b) purposes. The Eighth Circuit requires a "case-specific analysis" under Rule 404(b) because the failure to do so "risks couching criminal propensity in terms of knowledge, intent, or lack of mistake." *Cotton*, 823 F.3d at 433. The government has attempted to offer such an analysis, but it is difficult to understand except in terms of propensity. And "[u]nless there is a persuasive and specific answer to the question, 'How does this evidence prove intent?' then the real answer is almost certainly that the evidence is probative only of propensity." *United States v. Miller*, 673 F.3d 688, 699 (7th Cir. 2012).

Even if the Court should find some probative value established that relates to a non-propensity purpose, that probative value would be far outweighed by the prejudice because the natural tendency will be for the jury to interpret these statements and photographs as evidence of Mr. Tillman's bad character.

Limiting instructions can only do so much. The evidence of these Facebook posts is impermissible character evidence, and Mr. Tillman asks that the government's motion to admit it should be denied.

**Discovery Status**

Although technically not a response to the government's motion in limine, defense counsel wanted the Court to be aware of an issue relating to discovery. The government continues to provide discovery in this matter, including a DNA report disclosed on January 15, 2024, despite having been in existence for quite some time.

Mr. Tillman was originally charged in Hennepin County state court (27-CR-23-5217). That matter is still pending, and although the government had produced significant discovery in this case, the government has conceded that they did not receive all of the available discovery from the state. This has been the subject of discussions between the parties, and it was counsel's understanding that a comparison was going to be made and that any additional documents would be provided. To date, counsel has not been provided with a result of that comparison nor any additional discovery with the exception of the DNA report.

Dated: January 24, 2024            Respectfully submitted,

**LAW OFFICES OF**
**THOMAS H. SHIAH, LTD.**

By   /s/ *Thomas H. Shiah*
     Thomas H. Shiah #100365
     331 Second Avenue South, Suite 705
     Minneapolis, MN  55401
     Phone: 612-338-0066

     Attorney for Defendant