UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-158 (SRN/TNL)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRAIGH SEAN TILLMAN<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **GOVERNMENT'S MEMORANDUM IN SUPPORT OF ADMISSIBILITY OF EVIDENCE** |

The United States of America by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Assistant United States Attorneys Thomas Calhoun-Lopez and David Classen, hereby submits its memorandum in support of the admissibility of evidence in this case.

## I.    FACEBOOK EVIDENCE

Tillman's Facebook posts can broadly be placed into two categories:   1) posts that indicate that Tillman owned a firearm through April and August of 2020; and 2) posts that show Tillman was attempting to obtain a firearm between March of 2020 and March of 2021.   Posts the United States intends to offer (from an exhibit marked for identification as Gov't Ex. 32) follows.[1]

---

[1] The United States also intends to offer evidence of indicia of ownership and other metadata.







Posts indicating Tillman in possession of a firearm between 4/10/2020 (photograph) and 8/08/2020.







Posts indicating Tillman attempting to obtain firearms between 3/26/2020 and 3/23/2021.

Evidence that Tillman possessed a firearm consists of:

- A photograph of April 10, 2020, holding ammunition while a woman holds a firearm;

- A reference on June 4, 2020, to owning a Glock;

- A reference on June 15, 2020, to possessing a gun; and

- A reference on August 8, 2020, to owning a gun.

Evidence that Tillman was attempting to obtain a firearm (tending to establish that he obtained the firearm) consists of:

- A request to "Buy me a gun" on March 26, 2020;

- A discussion about whether someone was going to "the gun store for people" (and subsequent conversation on the best way to prevent the firearm from being traced back to the purchaser) on March 23, 2021.

a. *The evidence is intrinsic to the charged offense because it shows Tillman owns a firearm.*

Evidence is intrinsic to a charged offense "when it is offered to 'provide [ ] the context in which the charged crime occurred' and 'complete[ ] the story or provide[ ] a total picture of the charged crime.'" *United States v. Wright*, 993 F.3d 1054, 1061–62 (8th Cir. 2021) (quoting *United States v. Brooks*, 715 F.3d 1069, 1076 (8th Cir. 2013)) (citing *United States v. Phelps*, 168 F.3d 1048, 1057 (8th Cir. 1999) ("Bad acts that form the factual setting of the crime in issue or that form an integral part of the crime charged are not part of Rule 404(b)'s coverage.").   The Eighth Circuit has explained that "[w]here evidence of other

crimes is so blended or connected or tends logically to prove any element of the crime charged, it is admissible as an integral part of the immediate context of the crime charged." *Id.* at 1062 (quoting *United States v. Jackson*, 913 F.3d 789, 792 (8th Cir. 2019)).

The Facebook posts and text messages are intrinsic to the charged § 922(g) offense because they tell the story of and provide the context for the defendant's gun and ammunition possession and, further, tend to prove the defendant's knowing possession, which is an element of the crime.   In short, evidence that Tillman owns a firearm and evidence that he was attempting to obtain a firearm before the charged offense is admissible because it tends to establish that Tillman knowingly and intentionally possessed a firearm and ammunition on the date of the charged offense.

Moreover, the jury is entitled to infer that the firearm Tillman possessed before August 7, 2022, and referenced in the evidence described above is the same one he used on August 7, 2022—the date on which he is charged with possessing a gun.   As a result, the evidence is admissible because, as the Eighth Circuit has held, evidence that a defendant previously possessed the same gun he is charged with possessing is relevant and intrinsic to the charged offense. *See Wright*, 993 F.3d 1054, 1062–63 (8th Cir. 2021) (upholding as intrinsic the admissibility of Facebook posts showing a photograph of a firearm and references to obtaining a firearm intrinsic in an armed carjacking

prosecution) (citing *United States v. Jackson*, 913 F.3d 789, 792 (8th Cir. 2019) (upholding admissibility of Facebook videos showing the defendant's acquisition and possession of a firearm before a an armed robbery as intrinsic evidence); *United States v. Brooks*, 715 F.3d 1069, 1076–77 (8th Cir. 2013) (upholding admissibility of photographs and video of firearms found in a cell phone as intrinsic evidence))*; see also United States v. Dunn*, 76 F.4th 1062, 1067 (8th Cir. 2023) (upholding evidence of prior shooting to establish subsequent possession of a firearm by a felon); *United States v. Cook*, 842 F.3d 597, 601 (8th Cir. 2016) (upholding admissibility of evidence of the defendant's commission of a firearm-homicide three days before because a prior firearm possession was admissible to show his subsequent possession of a firearm); *United States v. Battle*, 774 F.3d 504, 511 (8th Cir. 2014) (upholding admissibility of evidence of defendant's prior shooting was admissible to show he was in possession of a firearm later because the evidence tended logically to prove an element of the crime charged).

That Tillman did not indicate in his Facebook posts that his guns are 9mm firearms (the firearm and ammunition used in the instant offense) is not dispositive.   The Eighth Circuit considered this argument in *Cook* and found it "unpersuasive."   842 F.3d at 601–02.   In *Cook*, the defendant was convicted of possessing a firearm as a felon after a trial in which the district court admitted evidence that connected the defendant to a shooting death of someone

6

three days before the date on which the defendant was charged with possessing a firearm. *Id.* at 601. The government's theory of admissibility was that the murder explained how the defendant had come to possess the gun because the gun belonged to the victim, among other circumstantial evidence. *Id.*

The Eighth Circuit explained that the evidence surrounding the murder was not Rule 404(b) evidence. *Id.* Instead, "[e]vidence of other crimes that 'tends logically to prove any element of the crime charged' is 'admissible as an integral part of the immediate context of the crime charged.'" *Id.* (quoting *Battle*, 774 F.3d at 511). Knowing possession of a firearm is an essential element of being a felon in possession of a firearm. *Id.* As a result, evidence that the defendant used the gun to shoot someone shortly before the possession crime "would . . . be admissible and 'highly probative of the defendant's possession of that weapon.'" *Id.* (quoting *Battle*, 774 F.3d at 511).

As the *Cook* Court noted, circumstantial evidence is "intrinsically as probative as direct evidence."[2]  While Tillman is entitled to argue that he was referencing a different firearm in the Facebook posts—the jury is entitled to infer that the firearms were one and the same, making the evidence "highly

---

[2] The United States specifically did not include references to any firearm that could not have been the firearm Tillman possessed in the instant offense. For example, on August 8, 2020, Tillman made a reference to a shotgun that he owned.  Because Tillman did not use a shotgun in the instant offense, the United States does not intend to offer this text.

probative" of his knowing possession of the gun with which he is charged with possessing.

The Facebook posts are approximately two years before the charged offense. This is not an unreasonable amount of time. Firearms are durable items, and it is reasonable to conclude that a firearm purchased two years before would still be in that person's possession. The Eighth Circuit in *Wright* noted that evidence of prior firearm possession two years prior and 11 years prior was not overly remote. 993 F.3d at 1063 (citing *United States v. Rembert*, 851 F.3d 836, 839 (8th Cir. 2017); *United States v. Bassett*, 762 F.3d 681, 687 (8th Cir. 2014)).

The Facebook posts establish that Tillman possessed a firearm before August 7, 2022. The jury is entitled to infer that he used this firearm in the charged offense on August 7, 2022. The evidence is therefore intrinsic because it tends logically to prove an element of the offense charged. It is therefore admissible.

     b.    *The evidence is also independently admissible to show knowledge and intent.*

Even if the Facebook posts were not intrinsic to the charged offense, they would be independently admissible pursuant to Fed. R. Evid. 404(b) because they show Tillman's knowledge of firearms and his intent to possess them.

8

Evidence pursuant to Fed. R. Evid. 404(b) is admissible if the act in question "(1) is relevant to a material issue; (2) is similar in kind and not overly remote in time to the crime charged; (3) is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Banks*, 706 F.3d 901, 906–07 (8th Cir. 2013).

The Eighth Circuit has clearly and repeatedly indicated that Rule 404(b) is "a rule of inclusion, permitting admission of such evidence unless it tends to prove only the defendant's criminal disposition." *United States v. Adams*, 898 F.2d 1310, 1313 (8th Cir. 1989). Further, "[w]here intent is an element of the crimes charged, evidence of other acts tending to establish that element is generally admissible." *Id.* at 1313.

The Eighth Circuit has made clear that "[a]s a general rule, evidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent." *United States v. Williams*, 796 F.3d 951, 959 (8th Cir. 2015). The Eighth Circuit has "held on many occasions" that prior possession of firearms is admissible to prove that "the defendant had the requisite knowledge and intent to possess a firearm." *United States v. Adams*, 783 F.3d 1145, 1149 98th Cir. 2015) (citing *United States v. Halk*, 634 F.3d 482, 487 (8th Cir. 2011) ("[The defendant]'s prior firearms offenses address the material issue of his knowledge of the presence of the firearm and his intent to possess it"; *United States v. Oaks*, 606 F.3d 530, 539 (8th Cir. 2010) ("[The defendant]'s

9

prior conviction for armed robbery addresses the material issue of his knowledge of the presence of the firearm and his intent to possess it.")).

Consistent with this clear precedent, Tillman's prior possession and attempts to possess firearms are relevant to show his knowledge firearms and ability to obtain them, and his intent to possess firearms. Each of the factors for admissibility are addressed below:

The evidence is relevant to a material issue. A "not-guilty plea in a felon-in-possession case makes past firearm convictions relevant to show the material issues of the defendant's knowledge of the presence of the firearm and his intent to possess it." *United States v. Harrison*, 70 F.4th 1094, 1097 (8th Cir. 2023) (internal brackets and quotation marks omitted).

The evidence is sufficiently similar. The charged offense involves knowing possession of a 9mm firearm and ammunition, and the posts reference possession of firearms (including a Glock). *See Harrison*, 70 F.4th at 1097 (upholding admissibility of prior possession of a revolver in a prosecution for possession of a firearm and noting that "prior acts need not be duplicates, but must be sufficiently similar to support an inference of criminal intent.").

The 404(b) materials are supported by sufficient evidence. The posts were sent from Tillman's Facebook account, registered under his name.

Finally, the potential prejudice does not substantially outweigh its probative value. The posts do not reference any violent crime or other

inflammatory characteristic.[3]   They merely reference possession of attempted possession of firearms.   Contrast this with *United States v. Walker*, 470 F.3d 1271, 1275–76 (8th Cir. 2006), in which the Eighth Circuit upheld the admissibility of a prior conviction of a 16-year-old armed robbery conviction in a felon-in-possession prosecution in light of a limiting instruction.   "A limiting instruction diminishes the danger of unfair prejudice."   *United States v. Lucas*, 521 F.3d 861, 866 (8th Cir. 2008); *see also United States v. Thomas*, 398 F.3d 1058, 1063 (8th Cir. 2005) ("Moreover, the use of a limiting instruction decreases the danger that unfair prejudice will result from admission of the evidence.").

Just days ago, the Eighth Circuit reiterated the admissibility of this type of evidence under Fed. R. Evid. 404(b).   *United States v. Proto*, No. 22-3424, 2024 WL 317645, at *2 (8th Cir. Jan. 29, 2024).   Referencing "settled law," the Eighth Circuit upheld the admissibility of a five-year-old conviction of drug and gun charges in drug and gun case, finding the evidence material, similar in kind, sufficiently supported, and "highly probative."   *Id.*

The Facebook posts show Tillman's knowledge of how to obtain firearms,

---

[3] The United States specifically did not include any post that might be prejudicial.   For example, on August 21, 2020, Tillman made a reference to bringing a "ghost gun" with him.   While the probative value of the text is high, out of an abundance of caution that the possession of a "ghost gun" might be inflammatory, the United States does not intend to offer the text.

and his intent to possess them.    The evidence is therefore admissible pursuant
to Fed. R. Evid. 404(b).

       c.    *The government's proposed limiting instructions.*

           1.    <u>Intrinsic Evidence and 404(b) Evidence</u>.

In the view of the United States, the evidence is admissible both as
intrinsic evidence and as evidence pursuant to Fed. R. Evid. 404(b).    The
United Sates therefore proposes the following language.

> You [are about to hear] [have heard] evidence that the
> defendant possessed firearms, or attempted to possess firearms, on
> occasions before August 7, 2022.   You may consider this evidence
> only if you (unanimously) find it is more likely true than not true
> that the defendant committed the acts.   This is a lower standard
> than proof beyond a reasonable doubt.   You decide that by
> considering all of the evidence relating to the alleged acts, then
> deciding what evidence is more believable.
>
> If you find that this evidence has not been proved, you must
> disregard it.   If you find this evidence has been proved, you may
> consider it only for the limited purpose of determining whether the
> firearm referenced in the evidence is the same as the defendant is
> alleged to have possessed on August 7, 2022.   You may also
> consider it for the limited purpose of deciding whether the
> defendant had the knowledge of how to obtain firearms and
> ammunition on August 7, 2022, and had the intent to possess a
> firearm and ammunition on August 7, 2022.   You should give it
> the weight and value you believe it is entitled to receive.
>
> *Remember, even if you find that the defendant may have
> committed similar acts in the past, this is not evidence that he
> committed such an act in this case. You may not convict a person
> simply because you believe he may have committed similar acts in
> the past. The defendant is on trial only for the crime charged, and
> you may consider the evidence of prior acts only on the issues stated*

*above.*[4]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.08

(2023) (modified).

      2.    <u>Intrinsic Evidence Only</u>.

If the Court determines that the Facebook posts are admissible as

intrinsic evidence, the United States proposes the following instruction:

> You [are about to hear] [have heard] evidence that the defendant possessed firearms, or attempted to possess firearms, on occasions before August 7, 2022.   You may consider this evidence only if you (unanimously) find it is more likely true than not true that the defendant committed the acts.   This is a lower standard than proof beyond a reasonable doubt.   You decide that by considering all of the evidence relating to the alleged acts, then deciding what evidence is more believable.

> If you find that this evidence has not been proved, you must disregard it.   If you find this evidence has been proved, then you may consider it only for the limited purpose of determining whether the firearm referenced in the evidence is the same as the defendant is alleged to have possessed on August 7, 2022.   You should give it the weight and value you believe it is entitled to receive.

> *Remember, even if you find that the defendant may have committed similar acts in the past, this is not evidence that he committed such an act in this case. You may not convict a person simply because you believe he may have committed similar acts in the past. The defendant is on trial only for the crime charged, and you may consider the evidence of prior acts only on the issues stated*

---

[4] The italicized portion is to be read only upon the request of the defendant.   Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.08, n.2 (2023).

*above.*[5]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, §
2.08 (2023) (modified).

       3.     <u>404(b) Evidence Only</u>.

If the Court determines that the Facebook posts are admissible pursuant
to Fed. R. Evid. 404(b), the United States proposes the following instruction:

> You [are about to hear] [have heard] evidence that the
> defendant possessed firearms, or attempted to possess firearms, on
> occasions before August 7, 2022.   You may consider this evidence
> only if you (unanimously) find it is more likely true than not true
> that the defendant committed the acts.   This is a lower standard
> than proof beyond a reasonable doubt.   You decide that by
> considering all of the evidence relating to the alleged acts, then
> deciding what evidence is more believable.

> If you find that this evidence has not been proved, you must
> disregard it.   If you find this evidence has been proved, then you
> may consider it only for the limited purpose of deciding whether
> the defendant had the knowledge of how to obtain firearms and
> ammunition on August 7, 2022, and had the intent to possess a
> firearm and ammunition on August 7, 2022.   You should give it
> the weight and value you believe it is entitled to receive.

> *Remember, even if you find that the defendant may have
> committed similar acts in the past, this is not evidence that he
> committed such an act in this case. You may not convict a person
> simply because you believe he may have committed similar acts in
> the past. The defendant is on trial only for the crime charged, and
> you may consider the evidence of prior acts only on the issues stated*

---

[5] The italicized portion is to be read only upon the request of the
defendant.   Manual of Model Criminal Jury Instructions for the Eighth
Circuit, § 2.08, n.2 (2023).

*above.*[6]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.08 (2023) (modified).

## II.   DNA EVIDENCE

As the Court knows, samples of blood found at the scene of the crime were collected and analyzed by the Bureau of Criminal Apprehension (BCA). Samples of blood taken from Tillman's clothing when he went to the Hennepin County Medical Center with a gunshot wound were also collected and analyzed.   A BCA forensic scientist made two independent conclusions:

1. The blood found at the crime scene and the blood from Tillman's clothes matched.

2. The blood found at the crime scene and the blood from Tillman's clothes match Tillman's DNA sample in the Minnesota offender database.

The United States intends to elicit testimony regarding the first conclusion, but not the second.

a.   *The evidence is relevant and admissible.*

Evidence linking blood found on Tillman's clothes and blood found at the crime scene is relevant and highly probative on the primary issue at trial: whether Tillman was the man captured on video at the scene shooting M.A.O.,

---

[6] The italicized portion is to be read only upon the request of the defendant.   Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.08, n.2 (2023).

thus possessing the ammunition with which he is charged.   There is no statutory or constitutional infirmity to the evidence: it does not in any way implicate the Minnesota offender database, and there are no other bars to admissibility of the evidence.[7]

The testimony is akin to evidence that a crime scene was muddy, and mud was found on a defendant's shoes, because the presence of the same mud at the crime scene and on the defendant's shoes is circumstantial evidence that the defendant was present at the crime scene.   The evidence is therefore relevant pursuant to Fed. R. Evid. 401 because it has the tendency to make a fact—Tillman's presence at the crime scene—more probable than it would be without the evidence.   *See United States v. Oldrock*, 867 F.3d 394, 940 (8th Cir. 2017) (noting that under Rule 401 "the standard for relevancy is low" and that if "there is any tendency that evidence will make a consequential fact more or less probable, the evidence should be admitted." (internal brackets and quotations marks omitted)); *see also United States v. Casares-Cardenas*, 14 F.3d 1283, 1287 (8th Cir. 1994) ("Relevance is established by any showing, however slight, that makes it more or less likely that the defendant committed the crime in question.").

---

[7] As outlined in the Government's Response to Tillman's Second Motion in Limine, disclosure and expert notice of this evidence was timely made. (ECF No. 70 at 4–5.)

Indeed, for all the same reasons explained with respect to the Facebook messages above, the blood evidence is admissible and probative for the same reasons as the messages—they are both intrinsic to the crime charged. The blood tells the story and establishes context for the jury to understand the defendant's possession of ammunition. The Eighth Circuit's decision in *Battle* is instructive. In that case, the Court of Appeals affirmed the admission of evidence the defendant participated in a shooting (as well as related ballistic evidence) that occurred a few days prior to the defendant's charged possession of a firearm as a convicted felon. *Battle*, 774 F.3d at 511. The *Battle* Court held that such evidence was not subject to Rule 404(b) but, instead, was "direct evidence probative of the crime charged" because "[l]imited evidence of a prior crime committed by the defendant with the same firearm may be admitted in a felon-in-possession case because it is highly probative of the defendant's possession of that weapon." *Id.* at 509, 511 (citing *United States v. Flenoid*, 415 F.3d 974, 976–77 (8th Cir. 2005)). In *Battle*, "[e]vidence that Battle used the firearm previously is highly probative of his ownership or subsequent control over it . . . ." *Id.* (citations omitted).

The same reasoning applies to the blood evidence in this case. A video captures a shooting. The government intends to prove the defendant was the shooter in the recording. The blood evidence tends to prove that the person shown on the video is the same person (that is, the defendant) who sought

treatment for a gunshot wound shortly after the shooting.   The blood evidence establishes the defendant's possession of ammunition when he was firing the gun, including inadvertently shooting himself in the leg, leaving his blood at the crime scene.

Tillman's concerns that the jury will misinterpret this evidence are misplaced.   The United States intends to elicit the fact that no DNA sample was taken from Tillman.   There is no basis to suppose that, hearing that blood from the crime scene and blood from Tillman's clothes match, the jury will infer that the blood samples must match Tillman's DNA maintained in BCA offender database.   The jury will hear only that blood from the crime scene and blood on Tillman's clothes matches.   It will hear no evidence that the samples match Tillman, and it will have no basis to infer that any sort of testing was done to compare the blood to Tillman's sample.

     b.   *The government's proposed limiting instruction.*

In the view of the United States, there is no danger that the jury will misunderstand or misuse this evidence; therefore no limiting instruction is necessary.

If the Court believes that a limiting instruction would be helpful, the United States proposes the following:

> You [are about to hear] [have heard] evidence that blood found at the crime scene and blood found on the defendant's clothes matched.   You may consider this evidence in determining

whether the defendant was present at the crime scene.   There has been no evidence that either blood sample matched the defendant's DNA, and you should not interpret the evidence to suggest that either sample matched the defendant's DNA.

In the view of the United States this limiting instruction will more than

address any concerns Tillman has regarding the admissibility of the evidence.

Dated:   February 13, 2024

Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*s/ Thomas Calhoun-Lopez*
BY:   THOMAS CALHOUN-LOPEZ
Assistant U.S. Attorney
Attorney ID No. 480908DC